IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TIMOTHY O'NEAL BULLOCK,**

      **Plaintiff,**

   **v.**
                                            Civil Action No. 3:24cv636

**CRAIG WEISS**, *et al.*,

      **Defendants.**

## MEMORANDUM OPINION

Timothy O'Neal Bullock, an inmate currently housed in Nevada and proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court on Mr. Bullock's Particularized Complaint, (ECF No. 11), and for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  For the reasons set forth below, the action will be DISMISSED for failure to state a claim and as legally frivolous.

### I.  Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Summary of Allegations and Claims

In his Particularized Complaint, Mr. Bullock names three of his former defense attorneys, Craig Weiss, J. Selleti, and Janice Messano, and the "D.O.C. of NJ- Director," "D.O.C. of Florida - Director" and the "Federal bureau Administration."  (ECF No. 11, at 1.)[2]  Mr. Bullock alleges as follows:

On 12-21-98, Craig Weiss was representing me on ind. No. 1-98-7-2991 which I was deliberately violated on due process[3] by ignoring an unethical, inaccurate, plea agreement as a sex offender who had to register when that was never part of my plea deal—that the prosecutor wrongfully and erroneously amended to my plea deal.  My complaint is due to the unethical wrongful conviction that I was never convicted of cause due process of false charges and violates Mr.

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization spelling, and punctuation in the quotations from Mr. Bullock's submissions.  The Court changes all "and" symbols to the word "and."

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

Bullock's Eighth Amendment rights[4] . . . . My relief is - due to wrongful imprisonment, Mr. Bullock should be rewarded $800 thousand.

On 6-15-07, I was represented by J. Selliti which he deliberately ignored the error of the inaccurate plea agreement that was solidified on 12-21-98 when attorney Craig Weiss was representing me at the time which I was wrongfully incarcerated and convicted as a sex offender which forced my picture and address place[d] on a sex offender internet and wrongfully receive[d] jail time under due process and violating Mr. Bullock under his Eighth Amendment rights as well - solidifying his complaint - Mr. Bullock's relief is $800 thousand for pain and suffering and wrongfully imprisonment by due process. . . .

On 11-18-08, I was represented by Janice Messano which she deliberately ignored an error in my judgment of conviction, my claim against her was violating my due process of my Eighth Amendment rights and being ind. and convicted of failing to register[] as a sex offender when I was never convicted to register as no sex offender which I receive[d] prison time - and was convicted of a false charge and wrongful imprisonment. My relief for violating my due process under my Eighth Amendment rights is $500 thousand for wrongful imprisonment and pain and suffering, ind. No. 08-11-3351. . . .

(D.O.C. of NJ - Director) I was wrongfully incarcerated in D.O.C. in New Jersey because my constitutional rights was violated and my due process rights and since D.O.C. of NJ - Director held me in their prison against my will violated my rights by wrongful conviction . . . My complaint is being wrongfully imprison[ed], my relief is $350 thousand.

(D.O.C. of Florida - Director) I was wrongfully imprisoned in D.O.C. in Florida - under the Director['s] authority which violated me of my Constitution and my due process rights, against my will - by a wrongful conviction, my claim is being wrongfully imprisoned and my relief for pain and suffering is $250 thousand dollars for mental anguish as well.

(Federal bureau administration) Violated my rights under due process by solidifying an incorrect and wrongful conviction and solidification as a sex offender and posting an inaccurate postage of my personal information and picture worldwide as a sex offender when I was never convicted as a sex offender in 1998 of 12-21. My claim is violating - my constitutional and due process rights and due to the damages it caused Mr. Plaintiff for 7 ½ years on the internet worldwide request in relief of 1 million dollars for pain and suffering mental anguish.

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

(ECF No. 11, at 1–5 (first omission in original).)[5]  Although he already identified the relief sought from each Defendant, Mr. Bullock concludes by asking for "compensation in the total amount of $3.7 million dollars and fix the error of inaccurate conviction - that was posted." (*Id.* at 10.)

### III.  Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Mr. Bullock's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).  Mr. Bullock's Particularized Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

### A.  Defense Attorneys Are Not Amenable To Suit Under § 1983

Mr. Bullock faults Defendants Weiss, Selleti, and Messano, defense attorneys who represented him in various criminal proceedings through the years.  In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state

---

[5] Mr. Bullock later has sections titled "purportedly liable under legal theory which should have been liable to me" (ECF No. 11, at 6–8), and "captioned sections - civil rights violation" (*id.* at 9); however, the Court does not recite those sections here because they are duplicative of his initial statement of the facts and claims.

law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Mr. Bullock's claims against Defendants Weiss, Selleti, and Messano will be DISMISSED as legally frivolous and for failure to state a claim upon which relief may be granted.

### B. D.O.C. Directors

Mr. Bullock faults the Directors of the "D.O.C." or what the Court assumes are the Department of Corrections in the states of New Jersey and Florida for wrongfully imprisoning him after what he claims were wrongful convictions in violation of due process. These claims have many deficiencies. First, although the Directors of the Department of Corrections in New Jersey and Florida may have been his custodians at some point, Mr. Bullock fails to allege facts that would suggest that the Directors were personally responsible for the fact of his imprisonment.[6] Second, Mr. Bullock's claims against these Directors are too vague and conclusory to state a claim for relief under § 1983. Mr. Bullock's use of the labels and conclusions of "wrongfully imprisoned" and "wrongfully incarcerated" are not sufficient to state a plausible claim for relief, and he fails to explain how his due process rights were violated. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) (explaining that complaints containing only "labels and conclusions" fail to state claim for relief). Because Mr. Bullock fails to allege a claim that is plausible on its face, the claims against the D.O.C. of NJ - Director, and D.O.C. of Florida - Director can be dismissed for failure to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when

---

[6] Mr. Bullock also fails to explain how the Directors of the Department of Corrections in Florida and New Jersey are personally involved in wrongfully imprisoning Bullock when he is currently incarcerated in Nevada.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Bell Atl. Corp.*, 550 U.S. at 556)).

Third, to the extent that Mr. Bullock challenges his ongoing or prior detention as wrongful, he clearly seeks the invalidation or vacation of his prior criminal conviction or convictions. This notion, that Mr. Bullock can vacate or alter his criminal convictions and obtain monetary damages and injunctive relief stemming from his purportedly improper incarceration, through a civil lawsuit "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful

confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

To the extent that Mr. Bullock contends that he is or was wrongfully imprisoned, the Court fails to discern how he could prevail on such claims and not simultaneously invalidate the fact of his convictions. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983 suit). Because success on his claims against the D.O.C. of NJ - Director, and D.O.C. of Florida - Director necessarily imply that his convictions are invalid, under the second prong of the *Heck* analysis, Mr. Bullock must demonstrate a successful challenge to his convictions. *Heck*, 512 U.S. at 487. Mr. Bullock makes no such allegation. *See id.* at 486–87. Thus, *Heck* bars Mr. Bullock's claims against D.O.C. of NJ - Director, and D.O.C. of Florida - Director. Any claim against D.O.C. of NJ - Director, and D.O.C. of Florida - Director will be DISMISSED for failure to state a claim and as legally frivolous.

## C. **Federal bureau Administration**

Mr. Bullock faults the "Federal bureau Administration" for maintaining his personal information on the internet on a sex offender registry for seven and a half years which allegedly violates his due process rights. Mr. Bullock fails to properly identify, and the Court fails to discern, the existence of an entity called the "Federal bureau Administration." For this reason alone, any claim against the "Federal bureau Administration" may be dismissed. To the extent

8

that Mr. Bullock instead intends to name the Federal Bureau of Investigation, such an action may

not be brought pursuant to 42 U.S.C. § 1983. Rather, Mr. Bullock must seek relief against a

federal entity pursuant to *Bivens*.[7] Accordingly, any claim against the "Federal bureau

Administration" will be DISMISSED for failure to state a claim.

## IV. Conclusion

Mr. Bullock's claims and the action will be DISMISSED for failure to state a claim and

as legally frivolous. The Clerk will be DIRECTED to note the disposition for the purposes of 28

U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 03/19/2025
Richmond, Virginia

_____
M. Hannah Lauck
United States District Judge

---

[7] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388
(1971). In order to state a claim under *Bivens*, a plaintiff must allege that a person acting under
color of federal authority deprived him or her of a constitutional right or of a right conferred by a
law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2
(E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)).