IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY O'NEAL BULLOCK,

      **Plaintiff,**

v.                                                                                    Civil Action No. 3:24cv636

CRAIG WEISS, *et al.*,

      **Defendants.**

## MEMORANDUM OPINION

Timothy O'Neal Bullock, an inmate currently housed in Nevada and proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Particularized Complaint, Mr. Bullock named three of his former defense attorneys, Craig Weiss, J. Selleti, and Janice Messano, and the "D.O.C. of NJ- Director," "D.O.C. of Florida - Director" and the "Federal bureau Administration." (ECF No. 11, at 1.)[2] By Memorandum Opinion and Order entered on March 19, 2025, the Court dismissed the action with prejudice for failure to state a claim and as legally frivolous because: 1) defense attorneys are not amenable to suit under § 1983 (ECF

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization spelling, and punctuation in the quotations from Mr. Bullock's submissions.

No. 12, at 5–6); 2) his claims against the Directors of the D.O.C. were too vague and conclusory to state a claim for relief (ECF No. 12, at 6); 3) § 1983 is not an appropriate vehicle to challenge his prior conviction (ECF No. 12, at 6–8); 4) Bullock failed to properly identify the existence of an entity called unclear the "Federal bureau Administration" (ECF No. 12, at 8–9).

On April 14, 2025, the Court received a joint Notice of Appeal and "Motion to Alter or Amend the Judgment" (ECF No. 17) from Bullock. The Motion for Reconsideration will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Bullock does not address any specific ground for relief under Rule 59(e), it appears that he believes the Court should reconsider its decision to correct a clear error of law or prevent manifest injustice. However, Bullock fails to identify an alleged error in the Court's dismissal of his § 1983 complaint. Instead, Bullock continues to argue that Craig Weiss violated his "constitutional rights by solidifying cruel [and] unusual punishment [and] a due process

violation" (ECF No. 17, at 1), which apparently caused Bullock to have to register as a sex offender (ECF No. 17, at 3). Then, at the very end of his Rule 59(e) Motion, Bullock states that, "J. Selliti [and] Janice Messano, D.O.C. of N.J. Director, DOC of Florida Director, Elliott B. Bender, A. Anne Lloyd" violated his rights. (ECF No. 17, at 4.)[3] As explained to Bullock previously, defense attorneys may not be sued for constitutional violations under § 1983. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Further, Bullock fails to explain with the requisite specificity how any of the other named parties violated his constitutional rights or that there are any clear errors of law in the Court's prior conclusions.

In sum, Bullock fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Thus, Bullock offers no persuasive reason why Rule 59(e) relief is appropriate. Accordingly, the Rule 59(e) Motion (ECF No. 17) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 6/3/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[3] Bender and Lloyd are not named Defendants in the action.